IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Linda Bryant,                                )<br>                                                    )<br>        Plaintiff,                              )<br>                                                    )<br>    vs.                                           )<br>                                                    )<br>Carolyn W. Colvin, Acting,          )<br>Commissioner of Social Security, )<br>                                                    )<br>        Defendant.                           )<br>_____) | Civil Action No. 2:15-4786-RMG<br><br>**ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying her disability insurance benefits under the Social Security Act. In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") January 10, 2017, recommending that the Commissioner's decision be affirmed. (Dkt. No. 10). Plaintiff filed no objections to the R & R.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is

a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

The Court has reviewed the R & R, the administrative record and the applicable case law. The Court is satisfied that the Magistrate Judge ably and thoroughly analyzed the factual and legal issues in this matter and appropriately recommended that the decision of the Commissioner should be affirmed. Therefore, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 18) as the order of this Court and **AFFIRMS** the decision of the Commissioner.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

January 25, 2017
Charleston, South Carolina